JOHN F. McCANNA CO. v. LAVIGNE MFG. CO. et al.

(Circuit Court, N. D. Illinois, E. D.    March 24, 1910.)

No. 29,411.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FORCE-FEED LUBRICATOR.
    The McCanna patent, No. 822,900, for a force-feed lubricator, especially adapted to automobile purposes, is for a combination of old elements, but the combination was not anticipated, and discloses invention; also *held* infringed.

In Equity. Suit by the John F. McCanna Company against the Lavigne Manufacturing Company and Brandenburg & Co. On final hearing. Decree for complainant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Coburn & McRoberts, for complainant.

Parker & Burton and Alexander J. Innes, for defendants.

KOHLSAAT, Circuit Judge. Complainant seeks to enjoin infringement of claims 2, 3, and 5 of patent No. 822,900, granted to J. F. McCanna, June 5, 1906, on application filed December 1, 1905, for a force-feed lubricator, with special reference to means for regulating the throw of the pumps employed. The claims in suit read as follows, viz.:

"2. In combination in a force-feed lubricator, a reservoir, a pump within the reservoir, means for operating the pump arranged within the reservoir, and means for adjusting the throw of the pump extending outside of the reservoir, and movable therethrough to indicate the amount of the movement of the pump, substantially as described.

"3. In combination in a force-feed lubricator, a reservoir, a pump therein, means for actuating the pump located within the reservoir, and mechanism arranged externally of the reservoir and connected to the said actuating means, said mechanism being adjustable to vary the movement of the actuator, substantially as described."

"5. In a lubricator, the combination with a reservoir, a pump within the reservoir, a member within the reservoir, and connected to the movable part of the pump to reciprocate the same, and an adjustable stem extending through the wall of the reservoir to regulate the amount of movement of the said member and indicate the throw of the pump."

This is a patent granted on a divisional application out of the earlier application of the patentee filed June 15, 1903, numbered 161,458. Complainant successfully carries the date of the invention back to about April, 1902, thereby eliminating from the realm of the prior art six of the patents set up by the defense, viz., Sturtevant patent, No. 762,103, dated June 7, 1904, application filed February 27, 1904 (cited in the Patent Office, but not in the answer); Haynes patent, No. 777,-413, dated December 13, 1904, application filed February 13, 1904; Neely patent, No. 799,574, dated September 12, 1905, application filed June 10, 1905; Hodges patent, No. 820,419, dated May 15, 1906, application filed March 11, 1905; and Enos patent, No. 720,121, dated February 10, 1903, application filed May 24, 1902. The same rule would apparently exclude McClure patent, No. 722,183, granted March 3, 1903, on application filed April 1, 1898, for the purpose of showing anticipation. This patent is discussed in the record as properly in the prior art, and not seriously objected to by complainant, since it is not deemed to pertain to those parts of the combination in suit.

The features which complainant claims for its patent as new and in advance of the disclosures of the prior art are:

(1) Compacting or unifying the pumps with their operating and adjusting devices in the area of the reservoir of their oil supply and extending their stems through the covers, thereby forming a setting gage for the stems, which, in turn, form indicator gages in their operation relative to the cover; and

(2) The adjustment of the stroke or throw, so that the same may be from zero to full stroke, and that the pumps may be cut out when desired, or hand operated when desired.

The elements of the device of the three claims in suit may be summed up as follows, viz.:

(a) A reservoir; (b) a pump within the reservoir; (c) means located within the reservoir for actuating the pump; (d) an adjustable stem, extending and movable through the wall of the reservoir, so as to afford ready means for regulating and indicating the amount of the throw of the pump.

The claims cover a combination constructed of well-known parts, the invention of which must be found, if at all, in the novelty of the arrangement of the parts. It is asserted for the patentee that he was the first to devise and place upon sale a lubricator suitable, among other uses, for automobile purposes, sure in operation, easy of adjustment, and so compact as to be readily attachable to the dash. This is attained, it is said, by locating the pump, pump stem, and actuating means all within the oil reservoir, and in the oil itself, and having adjusting and indicating stems outside the tank.

This feature of the location of the pump was not new. It is an element of Harlow patent, No. 295,919, dated April 1, 1884, of the Sturtevant patent aforesaid, the Hochgesand patent, No. 687,377, and of several other patents in evidence.

The Harlow device, that part which corresponds to the protruding stem of the patent in suit, always makes the same length of stroke, no matter how adjusted. It is never out of contact with its actuating device, even when not forcing the oil into the leads to the machinery to be lubricated. The variation between its lower and upper stroke limit is no indication of the extent of its co-operation with its corresponding nipple, d. This pump cannot be hand-operated while the machine is running.

Defendant rests its prior art defense upon the foregoing Harlow patent, the Kane patent, No. 595,717, granted December 21, 1897, the Hochgesand patent, No. 687,377, dated November 26, 1901, and the Marchant patent, No. 413,759, dated October 29, 1889.

The Kane lubricator patent was cited in the Patent Office, and relates, as Kane says, more particularly to a multiple pump. It shows a small reservoir at the bottom of the lubricator frame. The claims in suit were rejected by the examiner on this Kane patent and the Sturtevant patent. No copy of the latter is produced. On motion for reconsideration, based upon the ground that Kane had no reservoir, and no pump and actuating means located therein, and that Sturtevant showed no means for varying the stroke of the pump, the rejection was vacated, and the claims allowed. Kane's pump and actuating means are located on a frame constructed upon and above a small oil chamber or reservoir. No part of the same, except the piston, is in touch with the oil. The adjustment is such that, so long as the engine runs, the pump works altogether. The specification says that it can be regulated for supplying a greater or less quantity of oil. This device was intended largely for lubricating triple-expansion and steam engines, and, according to complainant's contention, is not adapted to automobile lubrication. The stems extend beyond the frame, and are, within the limit above set out, adjustable. Kane does not seem to have deemed this feature new. The whole is more or less exposed to dust and dirt. To meet the demands of automobiles, Kane's lubrication would require some overhauling, especially with reference to the

features which provide for continuous action of the pumps while the engine is in motion and the use of a reservoir containing the pump and actuating means, though complainant's claim in this respect is not free from doubt. So far as appertains to the adjustment of the length of the stroke by manipulating the stems above the yoke, the regulation of the length of the stroke is otherwise very similar to that of the patent in suit, being a matter of degree only. Counsel for complainant sums up the difference between the two by saying (page 59, brief):

" * * * The capacity of complainant's and defendants' pumps to be adjusted from zero to full stroke, instead of only from half stroke to full stroke, as in Kane, make them practical automobile lubricators."

The Hochgesand patent shows a pump for liquid, gaseous bodies, and for the distribution of oil for lubrication, located within an oil tank or reservoir, as in the claims in suit. It covers one lubricator pump, etc., but, manifestly, the duplication of it would not, in the absence of novel adjustment, constitute invention. The patentee provides for an indicator, located outside of the reservoir wall, whereby the amount of liquid delivered at every stroke of the piston can be ascertained. There is also provided outside the reservoir wall a means for adjusting the throw of the oil. The piston stroke is uniform; but it cannot be said that its actuating device can be regulated from the outside. The usefulness of its stroke is varied, however, from zero to full, by the adjustment of a cylinder in its relation to certain valves and to its seat upon the wall of a chamber, c', through which the plunger moves and forces the oil or other liquid.

In order to justify the claim of Hochgesand that the delivery of the oil may be entirely cut off, it is necessary to assume that, when the cylinder is not closely seated upon the wall of the chamber, viz., the seat, c, the oil in the chamber will press back between the piston and the said chamber wall, and overflow into the body of oil in the tank. He makes no suggestion to this effect, nor can it be seen from the drawings that the piston fails to exactly fit into the chamber. The provision he makes for a full delivery of the oil, however, shows that by reversing the process such leakage is assumed. For instance, by means of the outside regulating device, the oil chamber is made air and oil tight, wherein the plunger or piston acts by simply displacing a volume of oil equal to its own volume. It is thus unnecessary that the plunger should closely fit into its corresponding oil chamber. The valve at the lower end of this chamber, being the point of least resistance, yields, and the oil is forced out in an amount equal to the displacement, at least. Manifestly, when the valves between the oil chamber and the reservoir, or other means of escape for the oil, are left open, these would furnish points of least resistance, and no oil would be delivered. This device can be read literally upon claim 2, and is deemed a complete anticipation thereof, unless the latter is limited to the regulating means disclosed in the specification and drawings. It does not, however, show the regulating connection between the outside and the actuator, as provided in claim 3, or of a member connected to the movable part of the pump to reciprocate the same, shown in claim 5. In the

one case, the means of escape of the oil from the displacement of the plunger is adjusted and indicated from the outside; in the other, the length of the stroke of the plunger is indicated and regulated. The one controls the extent of the stroke of the plunger; the other simply avoids it. In this respect there is a substantial distinction between the combination of claims 3 and 5 in suit and Hochgesand.

The several patents above discussed fairly sum up the prior art for the purposes of this suit. While they contain between them all the essential features of the claims before the court, no one of them covers all the elements embraced within the claims relied on. The latter, so far as they differ from the prior art, present but slight evidence of patentable novelty. Considering, however, the state of the art, and the presumption arising from the action of the Patent Office in granting the patent, and the further fact of the dearth of lubricating devices adapted to meet the demands of the automobile art, it is the judgment of the court that the patent is valid, subject to the limitation as to claim 2 aforesaid. Aside from a different cam adjustment and the elimination of the yoke in form, while retaining the substantial features of the operation thereof, there is no difference between the device of the defendants and that of the claims in suit. As to the above two variations, there seems to be no doubt but that they are the equivalents of the parts which they supplant, even in a patent so narrow as here involved. There is no doubt of the fact that it is an infringement.

The prayer of the bill is therefore granted, and the injunction will issue.