LAVIGNE MFG. CO. et al. v. JOHN F. McCANNA CO.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1911. Rehearing Denied July 27, 1911.)

No. 1,711.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FORCE-FEED LUBRICATOR.

The McCanna patent, No. 822,900, for a force-feed lubricator, especially adapted to automobile purposes, is for a combination of old elements, but the combination was not anticipated and discloses invention; also, *held* infringed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Suit in equity by the John F. McCanna Company against the Lavigne Manufacturing Company and Brandenburg Company. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 177 Fed. 709.

Dyrenforth, Lee, Chritton & Wiles (John H. Lee and P. C. Dyrenforth, of counsel), for appellants.

Josiah McRoberts, for appellee.

Before GROSSCUP and BAKER, Circuit Judges, and HUMPHREY, District Judge.

BAKER, Circuit Judge. The decree appealed from sustained the validity and found infringement of claims 2, 3, and 5 of patent No. 822,900, June 5, 1906, to McCanna for a force-feed lubricator. The claims and sufficient of the prior art to show the nature of the defense of want of invention are contained in the opinion of the Circuit Court. 177 Fed. 709.

From the oral arguments and from a study of the record and briefs we are satisfied that the decree is right; and our decision may well be rested on the opinion of the Circuit Judge. The situation is the oft-recurring one, where none of the prior devices anticipates the patent, but where, taking one element here and another there, all the elements of the patented combination may be found in the prior art, and where, by recasting prior structures in the light of the patented structure, something like it may be produced. McCanna's oiler is especially designed for use on the dashboards of automobiles. It is compact and self-contained. The entire pump mechanism is inside of the oil reservoir. The stroke of the piston is adjustable, through ·a lost-motion device, by varying the position of the associated adjusting stem. The cover of the reservoir and the adjusting stem which projects therethrough coact as a regulating gauge to enable the operator to set the stem at any predetermined height with respect to the cover so as to throw a corresponding amount of oil, and at the same time coact as a visual indicating gauge to show that the pump is acting and how it is acting. The unified results and capabilities of the Mc-Canna oiler are not mere aggregations of separate old devices having separate old results, but come from an integral, mechanically-true combination. This oiler has proven to be a mechanical and commercial success, and we agree with the Circuit Court that the appellants have appropriated the combinations of the claims in suit.

A point is suggested in appellants' brief, without any foundation having been laid in the Circuit Court, and without assignment of error here, that appellant, Lavigne Manufacturing Company, was not properly before the Circuit Court. On examination we find that there was sufficient proof of infringement by said appellant within the district and division.

The decree is:

Affirmed.